IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILTON REASSURANCE LIFE COMPANY OF NEW YORK, <br><br>Plaintiff, <br><br>vs. <br><br>JAN LISTER, an individual, and DOES 1-10, inclusive, <br><br>Defendants. | ) ) ) ) ) ) ) Case No. 08-CV-085-TCK-PJC ) ) ) ) ) ) |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Summary Judgment ("Motion") (Doc. 39) and Defendant's Motion to Commit to Pay Jan Lister by Check and Commit to Put They in Prison [sic] (Doc. 22).

**I.    Background**

On June 13, 2005, American Life Insurance Company of New York ("American Life") received an application for life insurance coverage from David Hancock ("Hancock"). American Life issued a $150,000 life insurance policy ("Policy") on Hancock the same day. The Policy application represented that Hancock was not a smoker, had no significant medical history, had not been diagnosed or treated for cancer, and had not been hospitalized for five or more days. Hancock died eight days after the issuance of the Policy. Thereafter, Plaintiff Wilton Reassurance Life Company of New York ("Wilton"), the successor in interest to American Life, requested Hancock's medical records from the sole beneficiary of the Policy, Hancock's sister – Defendant Jan Lister ("Lister"). Lister refused to authorize the release of medical records. Wilton thereafter initiated suit, seeking declaratory relief regarding the obligations of the parties under the Policy.

After obtaining Hancock's medical records through discovery, Wilton learned the following: (1) Hancock was diagnosed with metastatic esophageal cancer on May 17, 2005 (approximately one month before he applied for coverage); (2) Hancock was in the care of the VA Medical Center's hospice facility on the date he applied for coverage; (3) Hancock was transferred to that facility on June 3, 2005 and remained there until his death on June 21, 2005; and (4) Hancock admitted to smoking a pack of cigarettes per day upon admission to hospice.

Wilton filed a Motion for Summary Judgment on December 19, 2008, seeking declaration from this Court that Wilton is entitled to rescind the Policy. After Lister failed to file her response by the appropriate deadline, Wilton filed a Notice of Unopposed Motion for Summary Judgment (Doc. 40) pursuant to Northern District Local Rule 7.2(f), requesting that the Court enter judgment on its behalf. *See* LCvR7.2(f) (stating "[i]f a dispositive motion is not opposed, the Court may in its discretion either (1) provide an additional eleven days, after which the case will be dismissed or the motion will be deemed confessed, as appropriate, or (2) in the event the moving party has filed a motion for confession of judgment, such motion may be granted following eleven days after filing"). Because eleven days have passed since Wilton's request for confession of judgment and no response has been filed by Lister, Wilton's request for confession of judgment is properly before the Court. *Id.*

## II.   Standard Governing Unopposed Dispositive Motions

Even when a dispositive motion is unopposed and the moving party has filed a confession of judgment pursuant to Northern District of Oklahoma Local Rule 7.2(f), the Court remains obligated to determine if the summary judgment motion is properly "supported" pursuant to Federal Rule of Civil Procedure 56(c). *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002). Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact

exists and that it is entitled to judgment as a matter of law. *See id.*; Fed. R. Civ. P. 56. "By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion." *Reed*, 213 F.3d at 1195. "The court should accept as true all material facts asserted and properly supported in the summary judgment motion." *Id.* However, summary judgment should only be granted if those facts entitle the moving party to judgment as a matter of law. *See id.*

### III.     Motion for Summary Judgment

After review of Wilton's Motion for Summary Judgment, the Court finds such motion properly supported pursuant to Rule 56. Under Oklahoma law, an insurer is entitled to avoid its obligation under an insurance policy if the applicant made misrepresentations in his application that were fraudulent or material to the insurer's acceptance of the risk, or if the insurer, had it known the truth, would not, in good faith, have issued the policy. Okla. Stat. tit. 36, § 3609; *Burgess v. Farmers New World Life Ins. Co.*, 12 F.3d 992, 993 (10th Cir. 1993). The existence of a single material misrepresentation in an application, knowingly made, is sufficient to support rescission of the policy. *Burgess*, 12 F.3d at 993 (internal citations omitted).

Accepting all material facts in Wilton's Motion as true, the Court finds that the Policy application included fraudulent misrepresentations. Specifically, the evidence before the Court establishes that Hancock was diagnosed with metastatic esophageal cancer prior to applying for coverage under the Policy, and, in fact, was in the care of the VA Medical Center's hospice when the application was completed. Based on these facts, the Court can infer that Hancock's representations that he had no significant medical history, had not been diagnosed or treated for cancer, and had not been hospitalized for five or more days were made with an intent to deceive and were fraudulent. *See Scottsdale Ins. Co. v. Tolliver*, 127 P.3d 611, 614 (Okla. 2005) (noting the

3

requirement that a court find an "intent to deceive" before a policy may be avoided by reason of an insured's false statement or omission in the application).

The Court also finds that such misrepresentations were material to American Life's acceptance of the risk to cover Hancock, such that American Life would not have issued the Policy had it known the true facts concerning Hancock's health. The false information provided by Hancock, which concealed his true health history, was undoubtedly material to American Life's decision to cover Hancock. *See Vaughn v. Am. Nat. Ins. Co.*, 543 P.2d 1404, 1407 (Okla. 1975) (finding that false information provided by applicant for life insurance policy which concealed his history of an emotional problem amounted to a misrepresentation which was material to the acceptance of the risk on the life of the applicant, thus entitling the insurer to a rescission of the policy).

For the reasons outlined herein, Plaintiff's Motion for Summary Judgment (Doc. 39) is GRANTED and the Court finds that Plaintiff is entitled to rescind the Policy. Defendant's Motion to Commit to Pay Jan Lister by Check and Commit to Put They in Prison [sic] (Doc. 22) is DENIED AS MOOT.

**ORDERED this 25th day of February, 2009.**

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**